UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA BIBBS; TIMOTHY BELL; SHAKKA BRADFORD; CHARLES GORDON; NIOSHA GREEN; FRANCES RANDLE; and ZACHARY SMITH,<br><br>Plaintiffs,<br><br>v.<br><br>SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS,<br><br>Defendants. | Case No. 10 C 7382<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

On November 16, 2010, Plaintiff Donna Bibbs filed a Complaint against the Sheriff of Cook County ("Sheriff") and Cook County, Illinois (collectively, the "Defendants"), alleging a disparate-impact claim under Title VII, 42 U.S.C. § 2000e, *et seq*. On June 30, 2011, Bibbs filed an Amended Complaint, adding six additional Plaintiffs: Timothy Bell, Shakka Bradford, Charles Gordon, Niosha Green, Frances Randle, and Zachary Smith (the "Amended Plaintiffs"). Plaintiffs allege that the use of an employment test by Defendants has a disparate impact on African-American applicants to the Cook County Department of Corrections. Before the Court is Defendants' Motion to Dismiss. Plaintiffs filed a Response, and Defendants failed to file a Reply; the motion is now ripe for ruling.

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

Before filing suit under Title VII, an individual must file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the complained-of

2

conduct and receive a notification from the EEOC that it does not intend to sue, commonly referred to as a "right-to-sue letter." 42 U.S.C. § 2000e-5(e)(1); *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006). An individual may file a lawsuit within 90 days of receipt of a right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1).

The Amended Complaint alleges that "Plaintiffs filed a timely charge of employment discrimination" – an allegation that is construed as each of the seven Plaintiffs' having filed a timely charge with the EEOC. (Am. Compl. 12.) Then, the Amended Complaint alleges only that Bibbs filed her action within 90 days of receiving her right-to-sue letter. Defendants argue that because the Amended Complaint does not contain allegations that the Amended Plaintiffs complied with the 90-day requirement, these Amended Plaintiffs should be dismissed from the lawsuit for failure to exhaust their administrative remedies.

In response, Plaintiffs appear to invoke the "single-filing" or "piggy backing" doctrine, a judicially-created exception to the Title VII exhaustion requirement that allows an individual to join suit of another who has exhausted his or her administrative remedies. *See Anderson v. Montgomery Ward & Co., Inc.*, 852 F.2d 1008, 1016 (7th Cir. 1988) (*Anderson*).

Plaintiffs face an obstacle to the application of the single-filing doctrine. As other courts of appeals and district courts within the Seventh Circuit have held, the single-filing doctrine applies only to plaintiffs who did not file their own EEOC charge. *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 564-65 (2d Cir. 2006) ("allowing an individual who has previously filed a charge to abandon that charge and piggyback onto

the charge of another individual would too often frustrate the EEOC's statutorily-mandated efforts to resolve an individual charge through informal conciliation"); *McQueen, et al. v. City of Chicago, et al.*, No. 09 C 2048, 2011 WL 1113192, at *10 (N.D. Ill. Mar. 23, 2011) (holding that the plaintiffs could not rely upon the single-filing rule because they filed their own timely administrative charges and were therefore limited to the claims described in their own charges); *Blakely v. Big Lots Stores, Inc.*, No. 10 C 342, 2011 WL 2600754, at *7 (N.D. Ind. June 29, 2011); *Flemming v. United Parcel Serv.*, No. 03 C 9391, 2004 WL 2314962, at *2 (N.D. Ill. Oct. 12, 2004) (*Flemming*).

The Seventh Circuit had not squarely addressed this exception to the single-filing doctrine. *See Flemming*, 2004 WL 2314962, at *2. As Plaintiffs themselves note, the Court of Appeals has noted: "Every court of appeals that has addressed the issues has held, under Title VII, that plaintiffs who have *not* timely filed a charge can rely on the timely charge of another plaintiff in a class action or a multiple plaintiff joint action." *Anderson*, 852 F.2d at 1017 (emphasis added). Therefore, here, the single-filing doctrine does not operate to exempt the Amended Plaintiffs whom it is alleged *did file* an EEOC charge from the requirement that each Plaintiff independently exhaust his or her administrative remedies.

That Plaintiffs bring a putative class-action lawsuit does not excuse the Amended Plaintiffs from exhausting their administrative remedies. As named plaintiffs, the Amended Plaintiffs are required to meet the notice and exhaustion requirements of Title VII. *See, e.g., Blanchard v. Speedway SuperAmerica, LLC*, 306 F. Supp. 2d 753, 755 (N.D. Ill. 2004) (In Title VII cases, "[n]amed plaintiffs in class-action suits must

4

meet notice and exhaustion requirements, even though class members need not.") (citing *Robinson v. Sheriff of Cook County*, 167 F.3d 1155, 1156 (7th Cir. 1999)). But "once a Title VII class action is up and running, the class members are not required to inundate the EEOC with what amount to meaningless requests for right-to-sue letters." *Robinson*, 167 F.3d at 1158.

At this pleading stage, however, the Amended Plaintiffs' claims may not be dismissed from the lawsuit. "A failure to exhaust is normally considered an affirmative defense," and a plaintiff has "no obligation to allege facts negating an affirmative defense." *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006) (*Mosely*); *see also Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001) (holding that receipt of a right-to-sue letter is not jurisdictional but is a statutory prerequisite to bringing a federal employment discrimination suit) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982)). Dismissal is appropriate in cases where it is clear from the face of the complaint that the plaintiff has failed to exhaust administrative remedies. *See Hollander v. Brown*, 457 F.3d 688, 691 n. 1 (7th Cir. 2006) (a plaintiff may plead herself out of court by "alleging facts that are sufficient to establish the defense"); *Gragg v. Wenzak, Inc.*, No. 10-3276, 2011 WL 1331897, at *4 (C.D. Ill. Apr. 6, 2011) (dismissing plaintiff's complaint without prejudice because plaintiff specifically alleged that she did not receive a right-to-sue letter). Here, there is nothing on the face of Plaintiffs' Amended Complaint that compels a conclusion that the Amended Plaintiffs have failed to exhaust their remedies. *See Mosely*, 434 F.3d at 533.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [15] is denied.

Date: 11-8-11

JOHN W. DARRAH
United States District Court Judge