UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA BIBBS, CHARLES GORDON, FRANCES RANDLE, and ZACHARY SMITH, individually and for a class, | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 10-CV-7382 ) |
| v. | ) Judge John W. Darrah ) |
| SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On December 19, 2012, Plaintiffs Donna Bibbs, Charles Gordon, Frances Randle, and Zachary Smith, individually and for a class, filed a Third Amended Complaint ("TAC") against the Sheriff of Cook County ("Sheriff") and Cook County, Illinois (collectively, "Defendants"), alleging a disparate impact claim under Title VII, 42 U.S.C. § 2000e, *et seq*. Plaintiffs allege that the use of pre-employment tests by Defendants has a disparate impact on African-American applicants to the Cook County Department of Corrections. Defendants have filed a Motion to Dismiss the Plaintiffs' Third Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6).

**BACKGROUND**

On November 16, 2010, Plaintiff Donna Bibbs filed a Complaint against Defendants, alleging a disparate impact claim under Title VII, 42 U.S.C. § 2000e, *et seq*. (Dkt. No. 1.) On June 30, 2011, Bibbs filed an Amended Complaint, which added six additional Plaintiffs: Timothy Bell, Shakka Bradford, Charles Gordon, Niosha Green, Frances Randle, and Zachary Smith. (Dkt. No. 14.) In the Amended Complaint, Plaintiffs alleged that Defendants'

use of an employment test had a disparate impact on African-American applicants to the Cook County Department of Corrections. Defendants filed a Motion to Dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argued that Plaintiffs failed to adequately plead that they timely filed their cause of action after exhausting their administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). On November 8, 2011, this Court denied Defendants' motion and held that Plaintiffs' assertion that "Plaintiffs filed a timely charge of employment discrimination" sufficiently met the pleading requirements of Fed. R. Civ. P. 8. (Dkt. No. 22, Mem. Op. and Order 5.)

Subsequently, Plaintiffs filed a Motion for Class Certification, which was denied without prejudice on August 22, 2012. Plaintiffs were granted leave to file a Second Amended Complaint and an Amended Motion for Class Certification. (*Id*.) Plaintiffs filed a Second Amended Complaint on November 14, 2012, terminating Plaintiffs Niosha Green, Timothy Bell, and Shakka Bradford. (*Id*. at 55.) On December 6, 2012, Plaintiffs were granted leave to file a Third Amended Complaint. (*Id*. at 59.)

In their TAC, Plaintiffs plead that "each plaintiff filed a timely charge of employment discrimination with the EEOC; plaintiff Bibbs initiated this action within ninety days of receipt of her notice of right to sue." (TAC ¶ 15.) Plaintiffs now include three counts in their TAC. In Count I, Plaintiffs claim that Defendants' use of pre-employment psychological and polygraph tests violates Illinois law. (TAC ¶ 16.) In Count II, Plaintiffs claim that the psychological test used by the Defendants has a disparate impact on African-American applicants and is an unlawful employment practice under Title VII. (*Id*. at ¶ 17.) Finally, in Count III, Plaintiffs allege that a disproportionate number of African-American applicants are disqualified for employment because of false polygraph reports, which Plaintiffs claim constitute an unlawful

2

employment practice under Title VII. (*Id.* at ¶ 18.) Defendants have moved to dismiss the TAC pursuant to Fed. R. of Civ. Pro. 12(b)(6).

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id*. While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To defeat a Rule 12(b)(6) motion, a plaintiff must plead facts sufficient to state a claim for relief that is "plausible on its face." *Id.* at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 149. A plaintiff does need to plead "detailed factual allegations" but must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 149. Further, the amount of factual allegations required to state a plausible claim for relief

depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

### *Count I: Sheriff's Use of Tests*

In Count I of the TAC, Plaintiffs allege that the Sheriff's Office violated Illinois law by administering pre-employment tests to applicants who had been certified by the Cook County Sheriff's Merit Board ("the Board"). (TAC ¶ 16.) Plaintiffs contend that Illinois law does not authorize the Sheriff to use tests to select among the certified candidates. (*Id.* ¶ 6.) Plaintiffs cite to 55 ILCS 5/3-7008 and 55 ILCS 5/3-7010 in support of this allegation. (*Id.* ¶ 4.)

Section 3-7001 *et seq.* of the Counties Code establishes the powers of the Board. 55 ILCS 5/3–7001 *et seq.* Section 3-7008 authorizes the Board to conduct tests and to certify applicants for certain positions in the Sheriff's Department. *See* 55 ILCS 5/3-7008. Section 3-7010 further requires that all appointments shall be made in accordance with state law and the "rules and regulations of the Board." 55 ILCS 5/3-7010. However, the statute does not, expressly or implicitly, prohibit the Sheriff from conducting his own testing or investigation of those candidates certified by the Board. Indeed, if the Plaintiffs' contention was correct, then the Sheriff would be required to accept every application certified by the Board; the Sheriff would not be permitted to evaluate and select applicants for employment in the Sheriff's Office. Clearly, the statute cannot be read to intend such a result.

In their opposition to Defendants' Motion to Dismiss, Plaintiffs also argue, briefly, that their claim for relief is supported by the case *McArdle v. Rodriguez*, 659 N.E.2d 1356, 1364 (Ill. App. Ct. 1995). Plaintiffs relegate their discussion of *McArdle* to a footnote and do not explain how *McArdle* supposedly creates a claim for relief.

As Plaintiffs' brief treatment indicates, *McArdle* does not support Plaintiffs' claim for relief. In *McArdle*, 659 N.E.2d at 1364, the Illinois Appellate Court affirmed the grant of a preliminary injunction enjoining the defendants, the City of Chicago, the police superintendent, and the mayor, from promoting merit selection candidates to lieutenants. In that case, the defendants disregarded examination results in determining the eligibility of the sergeants who received promotions. *Id.* at 1363. The *McArdle* court held that given the defendants' disregard of the examination results, the police commissioner had exceeded his authority when he authorized the merit promotions. *Id.* at 1364. *McArdle* does not provide support for a claim under Count I.

Plaintiffs have failed to plead any facts sufficient to demonstrate a plausible claim for relief in Count I. Plaintiffs' mere statement that the Defendants do not have authority under Illinois law to use pre-employment tests is a legal conclusion and does not state a claim. Plaintiffs have failed to demonstrate how they would be entitled to relief "under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992). Therefore, Count I is dismissed.

*Counts II & III: Plaintiffs' Exhaustion of Remedies*

In Count II of the TAC, Plaintiffs allege that the psychological test used by the Sheriff "has a disparate impact on African-American applicants" and is an unlawful employment practice under Title VII. (TAC ¶ 17.) In Count III, Plaintiffs allege that a "disproportionate number of African-American applicants are disqualified because of false reports of disqualifying admissions" and that this is an unlawful employment practice under Title VII. (TAC ¶ 18.)

Before filing suit under Title VII in the federal courts, a plaintiff must first exhaust his administrative remedies by filing a charge with the Equal Employment Opportunity Commission

("EEOC") within 300 days of the complained-of conduct. 42 U.S.C. § 2000e-5(e)(1); *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006). Once the plaintiff receives a notification from the EEOC that it does not intend to sue (commonly referred to as a "right-to-sue letter"), the plaintiff may then file a lawsuit within ninety days. 42 U.S.C. § 2000e-5(f)(1). A plaintiff's lawsuit must be based on the same claims that were included in the EEOC charge. *Oberweis Dairy*, 456 F.3d at 708-09.

A plaintiff who has not exhausted his administrative remedies may join the suit of another plaintiff who has done so, under the "single-filing" or "piggybacking" doctrine, a judicially created exception to the Title VII exhaustion requirement. *See Horton v. Jackson County Bd. of County Com'rs*, 343 F.3d 897, 899 (7th Cir. 2003); *see also Anderson v. Montgomery Ward & Co.*, 852 F.2d 1008, 1016 (7th Cir. 1988). Under this doctrine, named plaintiffs are still required to allege that they have met the notice and exhaustion requirements, even though class members need not. *Blanchard v. Speedway Superamerica, LLC*, 306 F. Supp. 2d 753, 755 (ND. Ill. 2004). This single-filing doctrine applies to co-plaintiffs with individual claims "have arisen out of similar discriminatory treatment in the same time frame." *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1012 (11th Cir. 1982); *see also Horton*, 343 F.3d at 899.

However, this single-filing exception is not without limits. As noted in the Court's November 8, 2011 Opinion in this case (Dkt. #22), other courts of appeals and district courts within the Seventh Circuit have held that the single-filing doctrine does not apply to plaintiffs who have filed an EEOC charge. *See, e.g., Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 564 (2d Cir. 2006) ("An individual who has previously filed an EEOC charge cannot piggyback onto someone else's EEOC charge."); *Anderson v. Unisys Corp.*, 47 F.3d 302, 308-09 (8th Cir.1995);

*Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 557-58 (11th Cir. 1997); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1223-24 (5th Cir. 1995) (abrogated on other grounds); *Flemming v. United Parcel Service*, No. 03 C 9391, 2004 WL 2314962 (N.D. Ill. Oct. 12, 2004); *McQueen v. City of Chicago*, 803 F.Supp.2d 892, 905-06 (N.D. Ill. 2011) (holding that the plaintiffs could not rely upon the single-filing rule because they filed their own timely administrative charges); *Blakely v. Big Lots Stores, Inc.*, 833 F. Supp. 2d 1042, 1051 (N.D. Ind. 2011). In *Holowecki*, the Second Circuit explained that "allowing an individual who has previously filed a charge to abandon that charge and piggyback onto the charges of another individual would too often frustrate the EEOC's statutorily-mandated efforts to resolve an individual charge through informal conciliation." 440 F.3d at 565.

Although the Seventh Circuit has not squarely addressed this particular exception, one district court observed that the Seventh Circuit "has stated that the single filing rule applies to plaintiffs who have neither filed a timely charge with the EEOC nor received a right-to-sue letter, which arguably implies that a plaintiff who does receive a right-to-sue letter may not enjoy the benefit of piggy-backing." *Flemming*, 2004 WL 2314962 at *2 (citing *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1245 (7th Cir. 1983)). In *Flemming*, the court held that the plaintiff, who filed an EEOC claim but had not timely initiated his action, "cannot now rely on other claimants who diligently followed the statutory time limits." 2004 WL 2314962 at *2.

<u>Plaintiffs' Attempt to "Piggy-back" on Bibbs' Claims</u>

In this case, Plaintiffs allege that "each plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission; plaintiff Bibbs initiated this action within 90 days of receipt of her notice of right to sue." (TAC ¶ 15.) In other words, Plaintiffs have alleged that they all filed EEOC charges, but only Bibbs timely filed an action

within the statutory time limit. As was the case in *Flemming*, 2004 WL 2314962 at *2, the other named Plaintiffs (Gordon, Randle, and Smith) cannot rely on Bibbs's timely filed claim when they filed their own EEOC charge but failed to follow the statutory time limits. Dismissal is appropriate in cases where it is clear from the face of the complaint that the plaintiff has failed to exhaust administrative remedies. *See Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (a plaintiff may plead herself out of court by "alleging facts that are sufficient to establish the defense"); *Gragg v. Wenzak, Inc.*, No. 10-3276, 2011 WL 1331897, at *4 (C.D. Ill. Apr. 6, 2011) (dismissing plaintiff's complaint without prejudice because plaintiff specifically alleged that she did not receive a right-to-sue letter). Therefore, it is clear from the allegations of the TAC regarding exhaustion that the claims of Plaintiffs Gordon, Randle, and Smith must be dismissed for failure to exhaust their administrative remedies.

Bibbs' Exhaustion Efforts and Her Claims

Bibbs's claims must also be dismissed because they are impermissibly vague and therefore fail to provide Defendants with proper notice of her claims. In her EEOC charge, Bibbs stated she was not hired because she "had failed *one* of the pre-employment tests." (Defs.' Mot. Exh. 1) (emphasis added). Then, on May 25, 2012, Plaintiffs acknowledged, in their Amended Response to this Court's April 30, 2012 Order, that the class was limited to applicants who only failed the psychological screening test. (*See* Dkt. # 48, Amended Response, p. 1.) Plaintiffs also stated that Bibbs was not an appropriate class representative. (*See id.* at p. 2.)

However, in the TAC, Plaintiffs attempt to assert claims that Bibbs was rejected for two tests: "an admission she had allegedly made during the polygraph examination and because of scores Bibbs had achieved on the psychological test" and that Bibbs "did not make the alleged admission during the polygraph test." (TAC ¶¶ 11e-f.). As mentioned above, Bibbs can only

pursue claims that are based on her EEOC charge, in which she asserted that she failed "one test." *See Oberweis Dairy*, 456 F.3d at 708-709. Plaintiffs' assertions in the TAC are confusing and vague in light of multiple claims pled to avoid Bibbs's exhaustion requirement. Indeed, Plaintiffs have now asserted three counts in their TAC, whereas previously they only asserted one. Taking into account with Plaintiffs' previous representations to the Court that Bibbs is not an appropriate class representative and that the class is limited to the psychological screening test, as well as Bibbs's EEOC charge, it is impossible to tell from the TAC which test Bibbs is pursuing as a claim. Consequently, Defendants have not received fair notice of her claims. *See Tamayo*, 526 F.3d at 1081.[1]

Because Bibbs has failed to put Defendants on proper notice of her claims, as required to survive a 12(b)(6) motion to dismiss, her claims are also dismissed.

---

[1] For example, in their response brief, Plaintiffs now claim that the apparent disparate treatment claim of Count III is actually a disparate impact claim by the "delegation to the polygraph examiner the unreviewable power to make false reports of disqualifying admissions." (Pl.'s Resp. Br. p. 10.) A disparate impact claim "exists when an employer has adopted a particular employment practice that, although neutral on its face, disproportionally and negatively impacts members of one of Title VII's protected classes." *Bennett v. Roberts*, 295 F.3d 687, 698 (7th Cir. 2002). Thus, to survive a motion to dismiss, plaintiff "must identify a specific employment practice, allege its causation of the disparate impact, and give defendants fair notice of the claim." *McQueen*, 803 F.Supp.2d at 907. The allegations in Count III do not identify a neutral, specific employment practice causing a disparate impact.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [61] is granted. Plaintiffs are granted leave to amend their Complaint, if they can do so in accordance with Rule 11, within thirty days of this Order. Status is set for October 10, 2013 at 9:30 a.m.

Date:___September 4, 2013_____       _____
                                                                           JOHN W. DARRAH
                                                                           United States District Court Judge